IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD COX, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 14-1213-JWL |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the  Administrative Law Judge's (ALJ) evaluation of the medical opinion of Dr. Kunal Tank, the court ORDERS that the ALJ's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.    Background**

Plaintiff applied for DIB and SSI, alleging disability beginning October 5, 2010. (R. 12, 195-207).  Plaintiff exhausted proceedings before the Commissioner, and now

seeks judicial review of the final decision denying benefits. Plaintiff argues only that the ALJ failed to assign weight to the medical opinion of the nontreating physician, Dr. Tank, and assessed a residual functional capacity (RFC) contrary to Dr. Tank's opinion, without explaining why he did not adopt all of Dr. Tank's opinion. The court agrees that the ALJ did not properly explain his evaluation of Dr. Tank's medical opinion.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

**II.    Discussion**

Plaintiff points out that Dr. Tank provided an opinion regarding Plaintiff's mental limitations in a "Medical Source Statement - Mental" (Pl. Br. 8) (citing R. 472-73), and acknowledges that the ALJ cited Dr. Tank's opinion and summarized portions of it.  Id. at 9 (quoting R. 17).  But he argues that the ALJ did not assign weight to the opinion and that this error is not harmless because the limitations opined by Dr. Tank, if accepted, would require greater limitations than assessed in the ALJ's RFC.  Id. at 9-10.  Plaintiff recognizes that the ALJ acknowledged progress notes and "recent mental evaluations" from KU (The University of Kansas Hospital, where Dr. Tank worked) and gave them "weight."  Id. at 12 (citing R. 17-18).  However, Plaintiff argues that to the extent this constitutes the ALJ's assignment of weight to Dr. Tank's medical opinion, Dr. Tank's opinion conflicts with the RFC assessed in material respects, and the ALJ did not explain why he did not adopt Dr. Tank's opinion in those respects.  Id. at 12-13.  The Commissioner argues that the RFC assessed is "generally consistent" with Dr. Tank's opinion (Comm'r Br. 5), the ALJ's findings are grounded in substantial evidence, id. at 6, the ALJ stated he had considered the opinion evidence in accordance with the relevant

regulation, id. at 7, and the state agency psychologists' opinions--which are "congruent" with Dr. Tank's opinion--support the ALJ's RFC assessment. Id. at 9.

### A.     The ALJ's Findings

The ALJ did not specifically mention Dr. Tank. However, he summarized some of Dr. Tank's opinions, and cited his Medical Source Statement: "Doctors also indicated that the claimant could understand and remember very short and simple instructions and that the claimant would have only moderate limitations in his ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes." (R. 17) (citing Ex. 18F (R. 471-73)). Moreover, as Plaintiff recognized, the ALJ discussed treatment notes and "recent mental evaluations" by KU physicians: "the progress notes from KU and recent mental evaluations by psychologist [sic] reflect that the claimant only has some mild to moderate mental limitations, not "marked" or "extreme" limitations. These evaluations are consistent with the overall record and the undersigned gives them weight in this case." Id. at 17-18. Giving the ALJ's decision the deference it is due, the court finds that the ALJ considered Dr. Tank's medical opinion and accorded it "weight" in assessing Plaintiff's RFC. Although Dr. Tank is a psychiatrist rather than a psychologist, that fact does not preclude the conclusion that it was Dr. Tank's mental evaluation to which the ALJ accorded "weight" in assessing RFC, because either a psychologist or a psychiatrist is an acceptable medical source specializing in treatment and evaluation of mental impairments.

### B.     Analysis

The court finds that the ALJ considered and evaluated Dr. Tank's medical opinion, and explained the weight accorded to that opinion in accordance with 20 C.F.R. §§ 404.1527 and 416.927 and in accordance with Social Security Rulings (SSR) 96-2p, 96-5p, 96-6p, and 06-3p as stated in the decision. (R. 18). With regard to limitations resulting from mental impairments, the ALJ determined that Plaintiff "is limited to repetitive tasks that do not involve detail instructions or tasks," "is limited to occasional interaction with co-workers," and "[h]is work should not involve interaction with the public." (R. 15). The court recognizes that these limitations account for Dr. Tank's opinions that Plaintiff is moderately limited in the ability to carry out detailed instructions, and is moderately limited in the ability to work in coordination with or proximity to others without being distracted by them. (R. 472). Although the ALJ did not specifically explain the bases for his findings in this regard, the court finds that <u>by according the decision an abundance of deference</u>, the decision can be interpreted to account for Dr. Tank's opinions that Plaintiff is moderately limited in the ability to maintain attention and concentration for <u>extended periods</u> (R. 472), and that Plaintiff is moderately limited in the ability to get along with co-workers or peers without distracting them or <u>exhibiting behavioral extremes</u>. (R. 473). Nevertheless, Dr. Tank also opined that Plaintiff is moderately limited in the "ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (R. 473). This limitation is not mentioned in the decision at issue here and was not presented in a

hypothetical question to the vocational expert. And, it involves greater restrictions than a mere limitation to simple, repetitive tasks or limited interactions with the public and co-workers.

The only conclusion that the court can reach is that the ALJ rejected this limitation as opined by Dr. Tank. However, as Plaintiff points out, SSR 96-8p contains a narrative discussion requirement that if the ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. West's Soc. Sec. Reporting Serv., Rulings 150 (Supp. 2014). Remand is necessary for the Commissioner to explain why Dr. Tank's opinion was rejected.

The Commissioner's arguments: that the RFC assessed is "generally consistent" with Dr. Tank's opinion (Comm'r Br. 5), the ALJ's findings are grounded in substantial evidence, id. at 6, and the state agency psychologists' opinions--which are "congruent" with Dr. Tank's opinion--support the ALJ's RFC assessment, id. at 9, do not change this result. The ALJ did not explain why he rejected Dr. Tank's opinion in this regard, and the court may not affirm the Commissioner's decision on the basis of appellate counsel's post-hoc rationalizations for agency action, Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985), and may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). Remand is the only means to correct this failure to apply the correct legal standard.

**IT IS THEREFORE ORDERED** that the ALJ's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

Dated this 26th day of May 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**